UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Reco Jones,

      Plaintiff,

      v.                                                               No. 2:14-cv-199

Andrew Pallito, Michael Touchette,
Mark Potanas, Joshua Rutherford,
and Angel Johnson,

      Defendants.

**REPORT AND RECOMMENDATION**
(Docs. 44, 48)

      Plaintiff Reco Jones, a Vermont inmate proceeding *pro se*, has brought this action under 42 U.S.C. § 1983 against Defendants Vermont Department of Corrections (DOC) employees Andrew Pallito, Michael Touchette, Mark Potanas, Joshua Rutherford, and Angel Johnson.  (Doc. 5.)  Jones alleges that Defendants violated his constitutional rights in the course of denying him access to certain art supplies and hardcover books in 2013 and early 2014.  (*Id.*)  He seeks "[a] declaration" that Defendants' acts and omissions violated his constitutional rights; injunctive relief ordering Defendants "to stop violat[ing] [his] Freedom of Speech[,] Freedom of Expression, Equal Protection[,] and Due Process rights"; and compensatory and punitive damages.  (*Id.* at 17.)

      On December 24, 2014, Defendants moved to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (Doc. 20.)  While that motion was pending,

Jones filed an Amended Complaint, again alleging that Defendants' actions regarding the denial of certain art supplies and hard cover books violated his constitutional rights, and again seeking a declaration that Defendants' acts and omissions violated his constitutional rights, as well as compensatory and punitive damages. (Doc. 24.) The Amended Complaint abandons the original Complaint's claim for injunctive relief. (*See id.* at 7.)

On May 18, 2015, the Court issued an Opinion and Order adopting the undersigned Magistrate Judge's Report and Recommendation which granted in part and denied in part Defendants' Motion to Dismiss. (Doc. 31.) Specifically, the Court granted Defendants' request to dismiss all claims for money damages against Defendants in their official capacities; denied Defendants' request to dismiss the § 1983 claims for damages against Defendants Pallito, Touchette, Potanas, and Johnson in their personal capacities; granted Defendants' request to dismiss any potential § 1983 claim for mental or emotional injury, for failure to allege any accompanying physical injury; granted Defendants' request to dismiss the claim against Defendant Johnson; granted Defendants' request to dismiss any Eighth Amendment claim against Defendants; denied Defendants' request to dismiss the claim for punitive damages under § 1983; and granted Defendants' request to dismiss (without prejudice) any state-law claims against Defendants. (*Id.*) Accordingly, the Court dismissed Jones's § 1983 claims against all Defendants in their official capacities, any § 1983 claim against Defendants for mental or emotional injury, Jones's claim against Defendant Johnson, any Eighth Amendment claim, and any state-law claim. (*Id.*)

Pending before the Court are Defendants' Motion to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction (Doc. 44) and Motion to Dismiss for Failure to Prosecute and Comply with Court Order (Doc. 48).

I.  **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is brought pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 44.) Defendants contend that Jones's claims are moot because Jones brought this action complaining of certain conditions of confinement at the Southern State Correctional Facility (SSCF), and he has since been transferred to a new facility, the DOC's supplemental housing contract facility (SHCF) in Baldwin, Michigan. (*Id.* at 2.) *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam) (transfer from a prison facility moots an action for injunctive relief against transferring facility). Defendants claim that Jones's Amended Complaint should therefore be dismissed. Jones has not responded to this Motion.

Defendants' Motion is based on the erroneous assumption that Jones's Second Amended Complaint seeks only equitable relief against the DOC. But in fact, the Complaint also includes claims against individual Defendants, and seeks an award of money damages as well as a declaration that Defendants' denial of access to art supplies and books violated his constitutional rights. (*See* Doc. 24 at 2, 7.)

Admittedly, it is unclear what claims remain in the case now that Jones has been transferred to a new facility, especially given Jones's failure to respond to Defendants' Motion. The Court's ruling on Defendants' initial Motion to Dismiss, summarized above, establishes that all of Jones's claims for damages against the individual

3

Defendants in their official capacities are barred by sovereign immunity.  Moreover, the Court has decided that Jones's § 1983 claims for compensatory claims against Defendants for mental or emotional injury are barred by the Prison Litigation Reform Act given Jones's failure to allege that he sustained any physical injury.  But the Amended Complaint also asserts claims under the First and Fourteenth Amendments (*see* Doc. 24 at ¶¶ 27, 31, 34), and Defendants do not contend in their Motion that Jones has failed to sufficiently allege these claims.  The transfer of Jones to another facility does not moot an action for damages.  *Prins*, 76 F.3d at 506.  Thus, there are claims remaining in the case, and I recommend that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 44) be DENIED.

**II.    Motion to Dismiss for Failure to Prosecute and Comply with Court Order**

Defendants have also moved to dismiss the Amended Complaint for Jones's failure to engage in court-ordered discovery pursuant to Fed. R. Civ. P. 37.  (Doc. 48.)  Once again, Jones has not responded to the Motion.  Defendants contend that Jones has failed to comply with the parties' July 2015 Discovery Schedule/Order (Doc. 35), failed to provide initial disclosures, and failed to respond to Defendants' First Set of Interrogatories and First Request for Production of Documents propounded on Jones in September 2015 (Doc. 39).

On October 16, 2015, Jones moved for an enlargement of time in which to respond to Defendants' discovery requests.  (Doc. 40.)  The Court granted that motion and formally advised Jones that a failure to fulfill his discovery obligations "may result in the

4

imposition of sanctions, . . . including dismissal of the action." (Doc. 43.)  Defendants now seek dismissal as a sanction for Jones's continued failure to participate in discovery.

In selecting the appropriate sanction under Rule 37, courts consider a variety of factors, including: "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance." *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852–54 (2d Cir. 1995)).  The Court of Appeals has warned that dismissal with prejudice is a harsh sanction to be used only in extreme situations.  *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990).  Such a harsh sanction should not be imposed unless the failure to comply with a discovery order is due to willfulness, bad faith, fault, or gross negligence, rather than inability to comply or mere oversight.  *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (quoting *Hochberg v. Howlett*, 1994 WL 174337, at *3 (S.D.N.Y. May 3, 1994)); *see also Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986).  Nonetheless, and although *pro se* litigants are generally entitled to special solicitude, the Second Circuit has held that they are not immune to dismissal as a sanction for their noncompliance with discovery orders.  *Agiwal v. Mid Island Mort. Corp.*, 555 F. 3d 298, 302 (2d Cir. 2009) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)).

Jones initiated this action against Defendants, requiring Defendants to commit valuable time and resources to prepare a defense.  Meanwhile, Jones has failed to comply

with his obligations under the Federal Rules of Civil Procedure and a court-ordered discovery schedule.  As noted above, this Court has previously warned Jones that his continued failure to participate in discovery could result in the dismissal of his case.  Yet Jones has still failed to engage in his discovery obligations.  More than one warning is typically provided prior to a court's dismissal of a case due to the plaintiff's failure to comply with his discovery obligations.  *See, e.g.*, *Agiwal*, 555 F.3d at 300-01 (magistrate judge issued several warnings of the potential for dismissal prior to dismissing case); *Walker v. Jeffrey Zagelbaum MGMT LLC*, No. 07 CV 4799(RJD)(LB), 2008 WL 5348543, at *3 (E.D.N.Y. Dec. 22, 2008) (dismissing case after plaintiff was given multiple chances to comply with court's discovery orders and warned repeatedly that her case would be dismissed if she failed to comply).  Therefore, I recommend that the Court give Jones another chance to comply.  But Jones's continued failure to abide by the Rules and disregard of this Court's orders cannot be tolerated.  Thus Jones is again warned that if he fails to comply with his discovery obligations under the Rules and this Court's orders, his conduct will be considered willful and may constitute grounds for dismissal of his claims against Defendants with prejudice.

## Conclusion

For these reasons, I recommend that Defendants' pending Motions to Dismiss (Docs. 44, 48) be DENIED.  I also recommend, however, that a new discovery deadline be imposed, with a clear warning that Jones's failure to comply with that deadline will likely result in the dismissal of his suit with prejudice.  Specifically, I recommend that the Court: (1) require Jones to provide responses to all written discovery within 20 days of its

Order; (2) require that the responses comport with the Federal Rules of Civil Procedure; and (3) warn Jones that his failure to comply with this deadline will likely result in dismissal of his case with prejudice.

      Dated at Burlington, in the District of Vermont, this 7th day of March, 2016.

                                      /s/ John M. Conroy
                                      John M. Conroy
                                      United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c).  Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation.  *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).