U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 APR 20  PM 4: 08

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| RECO JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-199 |
| ) | |
| ANDREW PALLITO, ) | |
| MICHAEL TOUCHETTE, ) | |
| MARK POTANAS, ) | |
| JOSHUA RUTHERFORD, and ) | |
| ANGEL JOHNSON, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
(Docs. 44, 48, 53)

This matter came before the court for a review of the Magistrate Judge's March 7, 2016 Report and Recommendation ("R & R") (Doc. 53), wherein the Magistrate Judge recommends that the court deny the motion to dismiss for lack of subject matter jurisdiction filed by Defendants Andrew Pallito, Michael Touchette, Mark Potanas, Joshua Rutherford, and Angel Johnson (collectively, "Defendants"). (Doc. 44.) The Magistrate Judge also recommends denying Defendants' motion to dismiss for failure to prosecute and comply with a court order (Doc. 48). No party has filed an objection to the R & R, and the deadline for doing so has passed.

At all relevant times, Plaintiff Reco Jones was an inmate in the custody and control of the Vermont Department of Corrections ("DOC") and incarcerated at Southern State Correctional Facility ("SSCF") in Springfield, Vermont. Defendants are current or former DOC employees.

On or about October 21, 2013, Plaintiff alleges that he submitted a request to purchase art supplies that were "identical to [those] similarly situated inmates were given

permission to possess[.]" (Doc. 24 at 2, ¶ 11.) Defendant Rutherford, Supervisor of Security at SSCF, denied Plaintiff's request. Plaintiff filed a grievance, which he claims was investigated by Defendant Rutherford in violation of 28 V.S.A. § 854.[1] Defendants Rutherford, SSCF Supervisor Potanas, DOC Director of Facilities Touchette, and DOC Commissioner Pallito allegedly denied Plaintiff's grievance at each step of the grievance process. Plaintiff claims that Defendants Touchette and Pallito justified their decision by stating that the art supplies requested by Plaintiff were "not on the state wide property matrix." *Id.* at 3, ¶ 13.

Plaintiff additionally claims that Defendant Rutherford retaliated against him for engaging in the grievance process. Among other things, Plaintiff alleges that Defendant Rutherford "displayed a continued discourteous attitude towards [him,]" ignored his written requests and inquiries, admonished him for using the law library typewriter, and refused to allow him to purchase sunglasses "for eye protection when engaged in outdoor activities[.]" *Id.* at 3-4, ¶ 16. Plaintiff further alleges that two books he had requested were withheld because the books were only available in hardcover. On or about April 21, 2014, Defendant Johnson, an administrative assistant at SSCF, subsequently notified Plaintiff that "$5.49 was withdrawn from his inmate account to return [the hardcover] books." *Id.* at 5, ¶ 22. Plaintiff then filed two grievances, one claiming that Defendant Johnson's notification was in violation of DOC's policy directives, and another claiming that DOC's ban on hardcover books[2] was unconstitutional. Defendants Rutherford, Potanas, Touchette, and Pallito allegedly "failed or refused to respond to Plaintiff's grievances[.]" *Id.* at ¶ 24.

---

[1] "The review of grievances shall be by a person or persons other than the person or persons directly responsible for the conditions or actions giving rise to the grievance[.]" 28 V.S.A. § 854(1).

[2] "Books will only be soft cover unless they are educational texts." State of Vermont, Agency of Human Services, Department of Corrections, "Inmate Mail, Publications, and Audio/Video Regulations," #409.05 at 10 (2010), available at http://www.doc.state.vt.us/about/policies/rpd/correctional-services-301-550/401-500-programs-security-and-supervision/409-05-inmate-mail-publications-and-audio-video-regulations.

2

In his Amended Complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 based on allegations that Defendants violated his constitutional rights in the course of denying him access to certain art supplies and hardcover books in 2013 and early 2014. As relief, Plaintiff seeks a declaration that Defendants' actions were unlawful, as well as "nominal and punitive damages[.]"[3] (Doc. 24 at 7.)

On May 18, 2015, the court issued an Opinion and Order dismissing Plaintiff's § 1983 claims against all Defendants in their official capacities; his § 1983 claims for mental or emotional injury; his claims against Defendant Johnson; his Eighth Amendment claims; and his state law claims (Doc. 31). Remaining are Plaintiff's § 1983 claims for monetary damages against Defendants Potanas, Touchette, and Pallito in their individual capacities.

On October 16, 2015, Plaintiff filed a motion for an extension of time in which to respond to Defendants' discovery requests. On October 28, 2015, the Magistrate Judge granted Plaintiff's motion, but warned that failure to fulfill his discovery obligations could result in the imposition of sanctions, up to and including dismissal of the case.

In their motion to dismiss for lack of subject matter jurisdiction, Defendants assert that Plaintiff's claims are moot because he was transferred to the DOC's supplemental housing contract facility ("SHCF") in Baldwin, Michigan on August 28, 2015. Alternatively, in their motion to dismiss for failure to prosecute and comply with court order, Defendants contend that Plaintiff should be sanctioned with dismissal pursuant to Fed. R. Civ. P. 37 for failing to participate in court-ordered discovery. Plaintiff did not file an opposition to either motion.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord*

---

[3] In the Amended Complaint, Plaintiff states that he seeks injunctive relief, however, the nature of that injunctive relief is not specified.

3

*Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his seven-page R & R, the Magistrate Judge carefully analyzed Plaintiff's claims and determined that Plaintiff's Amended Complaint should not be dismissed for two reasons. First, the Magistrate Judge determined that Plaintiff's transfer to SHCF did not moot Plaintiff's claims because he seeks pecuniary and declaratory relief, not injunctive relief. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (observing that "transfer does not moot an action for damages.").

Second, the Magistrate Judge concluded that because dismissal with prejudice under Rule 37 for failure to comply with the court's discovery orders is a "harsh remedy to be used only in extreme situations," *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), Plaintiff should be given another opportunity to comply. The Magistrate Judge reasoned that Plaintiff, as a self-represented litigant, was entitled to more than one warning that failure to engage in discovery obligations could result in dismissal of his case. *See Haines v. Cook*, 2009 WL 2043865, at *2 (D. Vt. July 8, 2009) ("Typically, more than one warning is provided prior to dismissal."). Allowing Plaintiff another opportunity to comply with the court's discovery orders is consistent with Second Circuit precedent. *See Bobal*, 916 F.2d at 764 (holding that "before the district court [can] impose the harsh sanction of dismissal against [a] *pro se* litigant, it should . . . inform[] her that violation of a court order would result in a dismissal of her case with prejudice.").

The court agrees with the Magistrate Judge's recommendations and finds them well-reasoned. The court therefore adopts the R & R in its entirety. In doing so, it does not express an opinion as to whether Plaintiff asserts a plausible claim for relief.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 53) as the court's Opinion and Order. Defendants' motion to dismiss for

4

lack of subject matter jurisdiction (Doc. 44) is DENIED. Defendants' motion to dismiss for failure to prosecute and comply with court order (Doc. 48) is also DENIED without prejudice.

Plaintiff is hereby ORDERED to provide responses to all written discovery by May 16, 2016. Any response shall comport with the requirements of Fed. R. Civ. P. 26(g) and Fed. R. Civ. P. 34. Because Plaintiff's discovery responses were due on November 4, 2015, and because the court has now twice ordered Plaintiff to furnish those responses, failure to comply with this deadline shall result in dismissal of his case with prejudice pursuant to Fed. R. Civ. P. 37. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (observing that "[a]ll litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice.") (internal citation and quotation marks omitted). SO ORDERED.

Dated at Burlington, in the District of Vermont, this 20th day of April, 2016.

Christina Reiss, Chief Judge
United States District Court

5