UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Reco Jones,

      Plaintiff,

      v.                                    Civil Action No. 2:14-cv-199-cr-jmc

Andrew Pallito et al.,

      Defendants.

## REPORT AND RECOMMENDATION
(Doc. 58)

Plaintiff Reco Jones, a Vermont inmate proceeding *pro se*, brought this action under 42 U.S.C. § 1983 against Defendants Vermont Department of Corrections (DOC) employees Andrew Pallito, Michael Touchette, Mark Potanas, Joshua Rutherford, and Angel Johnson. (Doc. 5.) Jones alleges that Defendants violated his constitutional rights by denying him access to certain art supplies and hardcover books in late 2013 and early 2014. (*Id.*) Defendants now move to dismiss this action as a sanction for Jones's repeated failure to abide by court orders directing him to engage in discovery. (Doc. 58.)

For the reasons discussed below, I recommend GRANTING Defendants' Motion and DISMISSING this action with prejudice.

## Procedural and Factual Background

Jones filed his initial Complaint on September 25, 2014. (Doc. 5.) Therein, he sought a declaration that Defendants' acts and omissions violated his constitutional rights; an injunction ordering Defendants "to stop violat[ing] [his] Freedom of Speech[,]

Freedom of Expression, Equal Protection[,] and Due Process rights"; and compensatory and punitive damages. (*Id*. at 16–17.) On December 24, 2014, Defendants filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. (Doc. 20.) About a month later, while Defendants' Motion to Dismiss was pending, Jones filed an Amended Complaint without seeking leave of court and alleging substantially the same claims alleged in the original Complaint. (*See* Docs. 5, 24.) The court granted Jones leave to file the Amended Complaint, stating that it would "consider the merits of [Defendants'] Motion to Dismiss in the context of the Amended Complaint." (Doc. 26 at 4.)

      In a May 18, 2015 Opinion and Order, the court granted in part and denied in part Defendants' Motion to Dismiss, and dismissed the following claims: the § 1983 claims against all Defendants in their official capacities, any § 1983 claim against Defendants for mental or emotional injury, the claim against Defendant Johnson, any Eighth Amendment claim, and any state-law claims. (Doc. 31.) About two weeks later, the court ordered Jones and the remaining Defendants to confer and file a joint discovery schedule. (Doc. 32.)

      On July 15, 2015, the parties filed a Stipulated Discovery Schedule wherein they agreed to make their initial disclosures by September 1, serve interrogatories and requests for production of documents by September 15, and complete all discovery by February 15, 2016. (Doc. 35 at 1.) On October 16, 2015, Jones moved for an extension of time to respond to Defendants' interrogatories and requests for production of documents. (Doc. 40.) Defendants did not oppose Jones's request and requested their own

2

enlargement of time as well.  (Doc. 42.)  Defendants indicated, however, that Jones had failed to make his initial disclosures required by Rule 26 and the Discovery Schedule.  (*Id.* at 2.)  In a text order, the court granted Jones's request for an extension of time to respond but advised that "**a failure to fulfill [his] discovery obligations may result in the imposition of sanctions, up to[] and including dismissal of the action**."  (Doc. 43 (emphasis in original).)

On November 20, 2015, Defendants filed their second Motion to Dismiss, this time on the grounds that "the matter is moot and the court lacks subject[-]matter jurisdiction."  (Doc. 44 at 1.)  Defendants stated that, on August 28, 2015, Jones had been transferred from the Sothern State Correctional Facility in Springfield, Vermont–where the alleged events at issue in this case occurred–to a DOC supplemental housing contract facility in Baldwin, Michigan.  (*Id.*)  Jones did not respond to the Motion.

While their second Motion to Dismiss was pending, Defendants filed a third Motion to Dismiss, this time for Jones's "failure to prosecute and non-compliance with the Court's October 28, 2015 order."  (Doc. 48 at 3.)  Defendants argued that Jones again had failed to produce initial disclosures or respond to Defendants' outstanding discovery requests.  Once again, Jones did not respond to the Motion.  The court denied both of Defendants' pending Motions to Dismiss but, for a second time, ordered Jones to comply with the discovery deadlines.  (Doc. 54 at 4–5.)  The court set a new deadline of May 16, 2016 for Jones to respond to "all written discovery" and warned Jones that "failure to comply with this deadline shall result in dismissal of his case with prejudice pursuant to Fed. R. Civ. P. 37."  (*Id.* at 5.)

3

On June 14, 2016, the court entered a text order directing the parties to file a joint status report by June 30, 2016, which would "address whether . . . discovery obligations in this matter have been satisfied consistent with the . . . Opinion and Order of the Court dated 4/20/2016." (Doc. 55.) On June 29, 2016, the parties filed a Joint Status Report, wherein they requested an additional 30 days for Jones to respond to Defendants' discovery requests. (Doc. 56.) In a text order, the court granted the parties' request and ordered Jones to "comply fully with all outstanding discovery requests on or before 8/1/2016." (Doc. 57.) The court again advised Jones that "**a failure to respond to discovery request[s] by 8/1/2016 will result in the dismissal of all his claims pursuant to the . . . Order of the Court dated 4/20/2016**." (*Id.* (emphasis in original).)

On August 4, 2016, Defendants filed their fourth Motion to Dismiss, which is currently before the court. (Doc. 58.) The Motion advises that Jones has still failed to serve discovery on Defendants and respond to Defendants' discovery requests. (*Id.* at 1.) Thus, Defendants seek dismissal of this matter with prejudice due to Jones's failure to comply with the court's April 20, 2016 and July 6, 2016 discovery orders. (*Id.* at 1; *see* Docs. 54, 57.) Jones has not responded.

## Discussion

Federal Rule of Civil Procedure 37(b)(2)(A) allows the court to issue sanctions if a party "fails to obey an order to provide or permit discovery." Courts have "wide discretion" in imposing sanctions under this Rule. *Passe v. City of New York*, No. CV 02–6494(ERK)(MDG), 2009 WL 290464, at *11 (E.D.N.Y. Jan. 5, 2009) (citing *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)). Prior to imposing

4

sanctions under Rule 37, however, the court should weigh the following factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (alteration in original) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)).

Subsection (v) of Rule 37(b)(2)(A) allows courts to "dismiss[] the action or proceeding in whole or in part" for a party's failure to comply with a court order. Because dismissal with prejudice is a "harsh remedy," however, it is to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990). Even then, a court may dismiss a claim with prejudice for discovery failures "only after (a) the court finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) the court gives notice, especially to a *pro se* litigant, that violation of the court's order will result in a dismissal of the case with prejudice." *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995) (holding dismissal not appropriate where court gave *pro se* plaintiff no prior warning that discovery failures would result in dismissal).

As described in detail above, despite the multiple orders containing warnings of dismissal of this action, Jones has failed to comply with his discovery obligations. Specifically, the court has warned Jones in three separate orders that his continued failure to comply would result in sanctions. (*See* Docs. 43, 54, 57.) The court has provided

5

Jones with accommodations by repeatedly extending his discovery deadlines and persistently warning him that a failure to meet those deadlines will result in dismissal. Yet Jones has still failed to engage in discovery. His repeated failures demonstrate a willful disregard of both the discovery process and the court's orders.

Lesser sanctions have been considered and are inappropriate or ineffectual. A monetary sanction would be inappropriate as Jones is proceeding *in forma pauperis*. Past warnings have had no effect. Jones offers no excuse or explanation for his conduct, even failing to respond to Defendants' current Motion to Dismiss. Jones's continued failure to engage in discovery and follow court orders compels dismissal.

## **Conclusion**

For these reasons, I recommend that the court GRANT Defendants' Motion to Dismiss for failure to comply with court orders (Doc. 58), with prejudice.

Dated at Burlington, in the District of Vermont, this 20th of September, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).