U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 NOV -4 AM 11: 03

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

RECO JONES, )
)
    Plaintiff, )
)
v. ) Case No. 2:14-cv-199
)
ANDREW PALLITO, )
MICHAEL TOUCHETTE, )
MARK POTANAS, )
JOSHUA RUTHERFORD, and )
ANGEL JOHNSON, )
)
    Defendants. )

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 58 & 59)

This matter came before the court for a review of the Magistrate Judge's September 20, 2016 Report and Recommendation ("R & R") (Doc. 59) recommending the court grant the motion to dismiss filed by Defendants Andrew Pallito, Michael Touchette, Mark Potanas, Joshua Rutherford, and Angel Johnson (collectively, "Defendants"). (Doc. 58.) No party has filed an objection to the R & R, and the deadline for doing so has passed.

In this case, Plaintiff Reco Jones, who is self-represented, alleges that Defendants violated his constitutional rights while he was in the custody of the Vermont Department of Corrections ("DOC") and incarcerated at Southern State Correctional Facility by denying him access to art supplies and hardcover books in late 2013 and early 2014. He seeks declaratory and injunctive relief, compensatory and punitive damages, attorney's fees, and costs.

On October 28, 2015, the Magistrate Judge granted Plaintiff's motion for an extension of time within which to respond to discovery. In that order, the Magistrate

Judge advised Plaintiff that failure to fulfill his discovery obligations may result in the imposition of sanctions, up to and including dismissal of his claims. On April 20, 2016, this court adopted the Magistrate Judge's Report and Recommendation denying Defendants' motions to dismiss for lack of jurisdiction and lack of prosecution and ordering Plaintiff to provide responses to all written discovery requests by May 16, 2016. The court cautioned that failure to comply with its deadline would result in dismissal of Plaintiff's case with prejudice. On July 6, 2016, the Magistrate Judge granted the parties' joint motion to extend the timeframe for completing discovery. The Magistrate Judge advised that Plaintiff's failure to respond by August 1, 2016 would result in dismissal of his claims. As of the date of this Order, Plaintiff has not complied with the discovery orders at issue.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his six-page R & R, the Magistrate Judge reviewed the procedural history of the case and noted Plaintiff's failure to comply with the court's October 28, 2015, April 20, 2016, and July 6, 2016 discovery orders. The Magistrate Judge recommended dismissal with prejudice based on Plaintiff's willful failure to comply with discovery orders despite multiple warnings that noncompliance would result in dismissal of his claims. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) (authorizing the court to "dismiss[] the action or proceeding in whole" where a party fails to obey a discovery order); *see also Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995) (recognizing "[d]ismissal with prejudice for discovery failures is a harsh sanction that is to be used only in extreme situations" and only after "(a) the

2

court finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) the court gives notice, especially to a *pro se* litigant, that violation of the court's order will result in a dismissal of the case with prejudice"). The Magistrate Judge concluded that lesser sanctions would be inappropriate because Plaintiff's failure was persistent, accompanied by warnings, and unremediated. He further concluded that imposing monetary sanctions on Plaintiff would be inappropriate because he is proceeding *in forma pauperis*. The prejudice to Defendants is self-evident. For over a year, they have sought discovery with regard to Plaintiff's claims which has been met with noncompliance despite the court's interventions and warnings. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (listing factors in deciding whether to dismiss under Rule 37 including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.") (internal quotation marks omitted and alterations in original).

The court agrees with the Magistrate Judge's recommendation and finds it well-reasoned. The court therefore adopts the R & R in its entirety. In addition, the court notes that Plaintiff's Complaint does not appear to allege a viable claim that his civil rights were violated by the failure to provide him with certain art supplies and hardcover books. Dismissal with prejudice will therefore not deprive Plaintiff of relief to which he is otherwise entitled and likely to obtain. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (authorizing district courts to "dismiss a frivolous complaint"); *see also Frank v. U.S. FBI*, 2013 WL 839862, at *3 (E.D.N.Y. Mar. 5, 2013) ("Because the 'problem with [plaintiff's] complaint is substantive [and] better pleading will not cure it,' the Court dismisses this action with prejudice.") (alteration in original).

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 59) as the court's Opinion and Order. Defendants' motion to dismiss for

3

failure to comply with the court's discovery orders (Doc. 58) is GRANTED. Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.

SO ORDERED.

    Dated at Burlington, in the District of Vermont, this 4th day of November, 2016.

                                                Christina Reiss, Chief Judge
                                                United States District Court